**In Re Anonymous No. 5. D.B. 80**

Disciplinary Board Docket No. 5 D.B. 80.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MUNDY, *Member,* October 9, 1984—Pursuant to the Rule 218 (c) (5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania submits its following findings and recommendation to this honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner was suspended from practice for a period of two years by order of this court entered July 2, 1981. Petitioner had actually ceased to practice law on March 12, 1981 pursuant to a temporary suspension order.

The facts surrounding petitioner's suspension are uncomplicated and uncontroverted. On May 23, 1978, petitioner knowingly and willfully converted the sum of $8,000 from a custodial account of a client, [A], and utilized that sum as part of a down payment on a home purchased by petitioner four days later. [A] learned of the misuse of her funds and retained a new attorney to investigate the matter. Subsequently, on July 11, 1978, after being contacted by his client's new attorney, petitioner reimbursed to [A] the $8,000. thereafter, on July 20, an

additional sum of $57.37 was remitted representing interest on the principal amount of $8,000.

At the disciplinary hearing, the facts surrounding this occurrence were developed without contest. In fact a stipulation was entered into which essentially admitted all of disciplinary counsel's factual allegations. At the hearing, petitioner admitted that what he did was inexcusable and a clear violation of his fiduciary obligation to his client. The hearing committee recommended a private reprimand without probation. The Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter referred to as the board) increased the recommendation for discipline to a one year suspension. The court increased the discipline to a two year suspension with three members of the court dissenting in favor of disbarment.

The instant petition for reinstatement was filed in the Office of the Disciplinary Board on September 23, 1983, or approximately two and a half months beyond the required suspension period. Pursuant to the provisions of the Pennsylvania Rules of Disciplinary Enforcement, the matter was referred to hearing committee [      ] (hereinafter referred to as committee), on which serve [      ].

Following appropriate notice, the committee conducted a hearing in connection with the instant petition for reinstatement on January 26, 1984. Petitioner was represented at the hearing by [B].

At the conclusion of the hearing, the committee filed a unanimous recommendation of reinstatement and notified all parties of this finding by letter dated July 11, 1984. On July 25, 1984, Disciplinary Counsel filed a letter indicating that the Office of Disciplinary Counsel takes no exception to the report of the committee, and the matter was thus referred to the board and assigned to the undersigned as an uncontested matter.

On September 11, 1984, the undersigned made a report and recommendation to the entire board, following which this board, after an extensive and complete review of the entire record in this matter, including the report, findings and recommendation of the hearing committee, voted unanimously to recommend that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice, nor subversive of the public interest. See Rule 218(c) (3) (i) of the Pennsylvania Rules of Disciplinary Enforcement.

It is noteworthy that the hearing committee's finding that petitioner had the prerequisite competency and learning in the law to qualify for reinstatement, and further that he also possesses the moral qualifications required for admission to practice in this Commonwealth, was unanimously agreed upon by the hearing committee. It is also important to note that the Office of Disciplinary Counsel chose not to challenge this finding. Petitioner had been a member in good standing before the Bar of this court for a period of approximately 21 years prior to his suspension.

Following the suspension, petitioner resigned from the professional corporation known as [C and Petitioner], transferring his stock to [C]. He has maintained active, gainful employment as secretary treasurer of [D] Corporation, which is engaged in the business of supplying heating and air conditioning equipment, as well as fuel oil. In February of 1983, he also became the owner of a data processing firm known as [E]. During the entire two year period, however, he also maintained a part-time position in his old law firm as a law clerk and paralegal. He estimated spending approximately 80 hours per month in this capacity.

In his capacity as paralegal, he refrained from direct client contact, spending most of his time "drafting agreements and wills" and "researching conflict of law matters". He did not have an office, but performed his duties in a conference room. He testified that he made extensive use of the firm's law library to stay abreast of developments in the areas of law in which he had primary interest. In addition, he subscribed to the Packard Law Reports, the Pennsylvania Law Journal, and the Harvard Business Review. He testified that he in the process of writing a corporate law textbook. He also subscribed to the Pennsylvania Bar Association's video cassette educational program and listed numerous courses which he had completed at home. On the basis of this testimony, the committee found, and the Office of Disciplinary Counsel accepted, that petitioner had demonstrated the requisite competency and learning in the law necessary to qualify for reinstatement to the practice of law in this Commonwealth.

The committee also found that petitioner had satisfied his burden to demonstrate that his resump-

tion of the practice of law will be neither detrimental to the integrity and standing of the bar, nor be subversive of the public interest. Three members of the bar, [F], [G], and [H], testified without reservation that petitioner is possessed of high moral qualifications and that it would be beneficial both to the profession and to the public to have him reinstated. In addition, a member of the clergy of the Lutheran Church, the Reverend [I], was called and attested to the high standing petitioner enjoys in terms of his reputation in the community. All of the witnesses testified that they had the prerequisite close knowledge of petitioner upon which to base their opinion that he is in fact, and is thought of, as a man of good moral character and fine reputation, as well as a capable and compassionate legal practitioner. The committee also found on the basis of the evidence presented, including the testimony of petitioner himself, that he is contrite and repentant, and clearly acknowledged his wrongdoing. The committe concluded that the record had presented a clear and convincing demonstration of petitioner's compliance with the rules relating to his suspension, and that all other necessary elements for reinstatement to the bar as set forth in Pennsylvania Rule of Disciplinary Enforcement 218(c)(3)(i) have been satisfied.

In the light of the foregoing, this board adopts the findings of hearing committee [ ] as set forth hereinafter fully and unequivocally. Furthermore, the board finds that the record in this proceeding demonstrates without quarrel or contradiction that petitioner does in fact possess the prerequisite moral qualifications for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania adopted the following findings of Hearing Committee [    ] as its findings of fact and conclusions of law in this reinstatement proceeding:

1. Petitioner has not practiced law since the effective date of his suspension.

2. Petitioner has complied with all the rules relating to the furnishing of notices upon his suspension.

3. Petitioner has demonstrated by clear and convincing evidence that he has the moral qualifications, competency, and learning in the law required for admission to practice law in Pennsylvania, and that the resumption of the practice within this Commonwealth by petitioner will not be detrimental to the integrity and standing of the Bar, or the administration of justice, nor will it be subversive of the public interest.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully and unanimously recommends to the Supreme Court of Pennsylvania that the instant Petition for Reinstatement of [Petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by this honorable court, and that the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne and paid for by said petitioner. A statement of such expenses is appended to the instant report.

Messrs. Helwig and McGinley did not participate in the adjudication.

## ORDER

NIX, C.J. And now, this November 20, 1984, the recommendation of the Disciplinary Board dated October 9, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Larsen and Mr. Justice Papadakos dissent.